**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GUANGZHOU SANITARY & ENTERTAINMENT PRODUCTS CO., LTD., | ) COMPLAINT FOR<br>) DECLARATORY JUDGMENT<br>)<br>) Civil Action No. 1:26-cv-7239 |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | )<br>) |
| AVITA CORPORATION, | )<br>) |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT
AND INVALIDITY OF U.S. PATENT NO. 10,814,058**

Plaintiff Guangzhou Sanitary & Entertainment Products Co., Ltd., d/b/a

GROWNSY Direct (Amazon Seller ID AZAUIRMACZI2Q) ("GROWNSY" or

"Plaintiff"), by and through its undersigned counsel, alleges as follows for its

Complaint against Defendant Avita Corporation ("Avita"):

**NATURE OF THE ACTION**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§

2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.,

seeking declarations that Plaintiff's GROWNSY SniffEase Spa 3-in-1 Nasal

Aspirator, sold on Amazon under ASIN B0F4DHWNMP and, in a different color,

under ASIN B0GKR7Q5R2 (collectively, the "Accused Product"), does not infringe

U.S. Patent No. 10,814,058 (the "'058 Patent") and that the '058 Patent is invalid.

2. An actual, immediate, and justiciable controversy exists between the

parties. Avita has accused the Accused Product of infringing the '058 Patent, has

1

demanded that Plaintiff stop selling it and remove the listing from Amazon, and has stated that it will invoke Amazon's Patent Evaluation Express ("APEX") program. Plaintiff denies infringement, disputes the validity of the '058 Patent, and seeks to continue selling the Accused Product free of Avita's patent accusations.

## THE PARTIES

3. Plaintiff Guangzhou Sanitary & Entertainment Products Co., Ltd. is a company organized under the laws of the People's Republic of China. Plaintiff is the Amazon seller of record and account holder for the Amazon listings of the Accused Product, including ASINs B0F4DHWNMP and B0GKR7Q5R2, through which the Accused Product is offered for sale and sold to consumers in the United States.

4. On information and belief, Defendant Avita Corporation is a corporation organized under the laws of Taiwan, with its principal place of business in Taiwan, and is the named assignee of the '058 Patent.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. An actual controversy of sufficient immediacy and reality exists between the parties to warrant declaratory relief. Avita has accused the Accused Product of infringing the '058 Patent, has demanded that Plaintiff cease U.S. sales and delist the product, and has threatened to invoke APEX to remove Plaintiff's

Amazon listing. Plaintiff disputes both infringement and validity and maintains its right to sell the Accused Product.

7. This Court has personal jurisdiction over Avita under Federal Rule of Civil Procedure 4(k)(2). This action arises out of Avita's enforcement of a United States patent, which Avita has purposefully directed at the United States: Avita accused Plaintiff's Amazon.com listing (ASIN B0F4DHWNMP) of infringing the '058 Patent, demanded that Plaintiff halt its United States sales and remove the Accused Product from Amazon, and threatened to invoke Amazon's Patent Evaluation Express ("APEX") program to delist the Accused Product from the United States marketplace. Those enforcement contacts are directed at the United States and give rise to the claims in this action.

8. Avita is a foreign defendant that, on information and belief, is not subject to jurisdiction in any state's courts of general jurisdiction. Because Plaintiff's claims arise under federal law and the exercise of jurisdiction over Avita is consistent with the United States Constitution and laws, this Court has personal jurisdiction over Avita under Rule 4(k)(2).

9. Avita's broader engagement with the United States market confirms its purposeful availment. Avita applied for, obtained, owns, and is asserting a United States patent; it holds U.S. Food and Drug Administration 510(k) Clearance No. K241852, issued in its own name for a nasal aspirator and cleared December 31, 2024, a true and correct copy of which is attached as Exhibit C; and, on information and belief, it markets FDA-cleared nasal-aspiration devices into the United States through OEM/ODM, distribution, and online-marketplace channels. Avita's

threatened APEX action, if carried out, would disrupt Plaintiff's sales throughout the United States, including to consumers in this District.

10. On information and belief, Avita-authorized and Avita-licensed products, including nasal-aspiration devices, are sold throughout the United States, including in Illinois and in this District, through distributors, resellers, online marketplaces, and OEM/ODM channels.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c)(3) because Avita is not a resident of the United States and may be sued in any judicial district, and because a substantial part of the events giving rise to this controversy, including Avita's assertion of a U.S. patent against U.S. sales made through Amazon.com, is connected to this District.

## FACTUAL BACKGROUND

### A. The '058 Patent

12. The '058 Patent, titled "Nasal aspiration and wash device," issued on October 27, 2020 from U.S. Patent Application No. 15/854,668, filed December 26, 2017, and claims priority to a Taiwan application filed December 23, 2016. A true and correct copy of the '058 Patent is attached as Exhibit A.

13. Claim 1 is the only independent claim of the '058 Patent. Claims 2 through 11 depend, directly or indirectly, from claim 1.

14. Claim 1 recites, among other limitations, "a suction part having a suction inlet and an exhaust outlet formed in the shell member," and further

requires that "the exhaust outlet is provided under the suction inlet on the outer surface of the shell member."

### B. Avita Added the "Under the Suction Inlet" Limitation to Obtain Allowance

15. During prosecution, the Patent Office issued a non-final Office Action rejecting the then-pending claims, including over U.S. Patent No. 7,862,536 to Chen and U.S. Patent Application Publication No. 2016/0206835 to Lee.

16. By amendment filed April 30, 2020, the applicant narrowed claim 1 to add, among other things, a suction inlet, an exhaust outlet, a spray outlet, an electrical atomizer, and the positional requirement that the exhaust outlet be provided under the suction inlet on the outer surface of the shell member.

17. The Patent Office allowed the claims after that narrowing amendment. In the examiner's statement of reasons for allowance, the examiner explained that the closest prior art of record, Chen, "fails to disclose an exhaust outlet in communication with the exhaust port and is provided under the suction inlet on the outer surface of the shell member."

### C. Avita's Infringement Accusations and Threatened APEX Action

18. Plaintiff's Accused Product is the GROWNSY SniffEase Spa 3-in-1 Nasal Aspirator. Avita identified the product by Amazon ASIN B0F4DHWNMP, which appears at https://www.amazon.com/gp/product/B0F4DHWNMP. Plaintiff offers the identical product in a different color under Amazon ASIN B0GKR7Q5R2; the two listings differ only in color and are identical in every respect material to the

5

'058 Patent. Avita's accusation and threatened APEX action place both listings of the Accused Product in controversy.

19. The Accused Product is the GROWNSY SniffEase Spa 3-in-1 Nasal Aspirator, Model BC037, and provides spray, suction, and mist functions.

20. In the Accused Product, the exhaust outlet is located above the suction inlet on the outer surface of the shell member; it is not provided under the suction inlet.

21. On April 2, 2026, Avita emailed the team responsible for the GROWNSY-branded Accused Product. Avita asserted that the product, identified by ASIN B0F4DHWNMP, fell within the scope of the '058 Patent, stated that it had prepared a technical analysis, and referenced prior demands that similar products be removed from sale or modified.

22. On April 8, 2026, Plaintiff's representative responded that Plaintiff had reviewed the patent and concluded that the Accused Product does not infringe.

23. On June 5, 2026, Avita renewed its accusation, stated that it had commissioned a third-party infringement analysis, and demanded that Plaintiff promptly stop selling the product on Amazon and complete removal of the listing. Avita stated that it would otherwise reserve all rights and resort to Amazon's intellectual-property procedures.

24. Avita's third-party analysis asserted that claim 1 requires a shell member, pump, suction part, spray part, and relative positioning among the suction inlet, spray outlet, and exhaust outlet, and then summarily declared literal infringement. A copy of Avita's infringement analysis is attached as Exhibit B. The

6

analysis did not identify any structure of the Accused Product located under the suction inlet, did not address Plaintiff's position that the exhaust outlet sits above the suction inlet, and did not explain how an outlet above the suction inlet could meet a limitation requiring an outlet under the suction inlet.

25.     On June 12, 2026, Plaintiff asked Avita for a complete claim chart mapping each limitation of claim 1 to the corresponding structure of the Accused Product, together with Avita's technical basis.

26.     On June 17, 2026, Avita refused to provide any further technical analysis, stated that the parties had not reached consensus on whether the Accused Product falls within the scope of the '058 Patent, announced that it would formally proceed through Amazon Patent Evaluation Express, and again reserved all rights.

27.     Avita's accusations and threatened APEX filing have harmed and will continue to harm Plaintiff, including by clouding Plaintiff's right to sell the Accused Product in the United States and by threatening the interruption of its Amazon sales.

28.     Plaintiff's analysis confirms that the Accused Product does not satisfy every limitation of claim 1 because, at a minimum, its exhaust outlet is not provided under the suction inlet on the outer surface of the shell member.

Infringement requires that an accused product include every limitation of an asserted claim. The Accused Product does not, because it lacks the positional limitation that claim 1 places on the exhaust outlet. Plaintiff relies on that single

missing limitation and does not address, and does not concede the presence of, the remaining limitations of claim 1. The dispositive comparison is as follows:

| Claim 1 Requirement | Accused Product |
|---|---|
| Claim 1 requires that "the exhaust outlet is provided under the suction inlet on the outer surface of the shell member." | In the Accused Product, the exhaust outlet is located above, not under, the suction inlet. This limitation is absent. Because claim 1 is the only independent claim and every other claim depends from it, the Accused Product does not infringe any claim of the '058 Patent. |

## COUNT I.: Declaratory Judgment of Non-Infringement of the '058 Patent

29. Plaintiff realleges and incorporates by reference each preceding paragraph as if fully set forth herein.

30. An actual controversy exists between Plaintiff and Avita concerning whether the Accused Product infringes the '058 Patent.

31. The Accused Product does not literally infringe claim 1 because it does not include an exhaust outlet provided under the suction inlet on the outer surface of the shell member.

32. The Accused Product does not infringe any other claim of the '058 Patent because every remaining claim depends, directly or indirectly, from claim 1 and thus incorporates all of its limitations.

33. Avita cannot establish infringement under the doctrine of equivalents. Treating an exhaust outlet located above the suction inlet as equivalent to one provided under the suction inlet would vitiate the claimed positional limitation entirely.

34.     Prosecution history estoppel independently bars Avita from recapturing that arrangement. Avita added the "under the suction inlet" limitation by narrowing amendment to secure allowance over the prior art, and may not now reclaim subject matter it surrendered.

35.     Plaintiff is entitled to a declaration that the Accused Product has not infringed and does not infringe any claim of the '058 Patent, directly or indirectly, literally or under the doctrine of equivalents.

## COUNT II.: Declaratory Judgment of Invalidity of the '058 Patent

36.     Plaintiff realleges and incorporates by reference each preceding paragraph as if fully set forth herein.

37.     An actual controversy exists between Plaintiff and Avita concerning the validity of the '058 Patent, because Avita has asserted the patent against the Accused Product and Plaintiff denies that Avita holds valid claims covering it.

38.     One or more claims of the '058 Patent, including at least claim 1 and the claims depending from it, are invalid for failure to satisfy the conditions and requirements for patentability under the Patent Act, including 35 U.S.C. §§ 102, 103, and 112.

39.     By way of example and not limitation, the prior art of record includes U.S. Patent No. 7,862,536 (Chen) and U.S. Patent Application Publication No. 2016/0206835 (Lee). At a minimum, that prior art, alone or in combination with other prior art, renders one or more of the asserted claims invalid under 35 U.S.C.

9

§§ 102 and/or 103. Plaintiff's prior-art investigation is ongoing, and Plaintiff expects to identify additional invalidating prior art and grounds through discovery.

40. Further, to the extent Avita contends that claim 1's requirement that the exhaust outlet be provided under the suction inlet reads on an exhaust outlet located above the suction inlet, or otherwise not below it, the asserted claims are invalid under 35 U.S.C. § 112 for indefiniteness and for lack of written description or enablement.

41. Plaintiff will provide detailed invalidity contentions in accordance with the Northern District of Illinois Local Patent Rules, including LPR 2.6, at the time those rules require.

42. Plaintiff is entitled to a declaration that one or more claims of the '058 Patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Avita and grant the following relief:

**A.** A declaration that the Accused Product does not infringe any claim of the '058 Patent, directly or indirectly, literally or under the doctrine of equivalents;

**B.** A declaration that one or more claims of the '058 Patent are invalid;

**C.** An award of Plaintiff's costs and, should the Court find this an exceptional case, its reasonable attorneys' fees under 35 U.S.C. § 285; and

**D.** Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: June 19, 2026

Respectfully submitted,

By: /s/ Tao Liu

Tao Liu
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 937-9999
tao.liu@glacier.law

Counsel for Plaintiff
Guangzhou Sanitary &
Entertainment Products Co., Ltd.

11